David C. McGrail
Pearl Shah
MCGRAIL & BENSINGER LLP
888-C 8th Avenue #107
New York, NY 10019
Telephone: (646) 285-8476
dmcgrail@mcgrailbensinger.com
pshah@mcgrailbensinger.com

-and-

Douglas R. Gooding
Kevin C. Quigley
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
kquigley@choate.com

Counsel for Defendants

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re HOOPER HOLMES, INC d/b/a PROVANT HEALTH,** *et al.*, <br><br> **Debtors** | **Chapter 11** <br> **Case No. 18-23302 (RDD)** <br> **(Jointly Administered)** |
| **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HOOPER HOLMES, INC. d/b/a PROVANT HEALTH,** *et al.*, <br><br> **Plaintiffs** <br> vs. <br><br> **CENTURY EQUITY PARTNERS, CENTURY FOCUSED FUND III L.P., CP FOCUSED III, LP, CCP FOCUSED III, LLC, FRANK BAZOS, JIM FOREMAN, AND PAUL DAOUST,** <br><br> **Defendants** | **Adversary No. 18-08292-RDD** |

## **DEFENDANTS' ANSWER TO THE COMMITTEE'S COMPLAINT**

Defendants Century Equity Partners ("CEP"), Century Focused Fund III L.P. ("Century"), CCP Focused III, LP ("CCPFLP"), CCP Focused III, LLC ("CCPFLLC"), Frank Bazos ("Bazos"), Jim Foreman ("Foreman"), and Paul Daoust ("Daoust," and together with Bazos and Foreman, the "Director Defendants") (collectively, "Defendants"), by their counsel and pursuant to Federal Rule of Bankruptcy Procedure 7012, hereby answer the *Complaint to Avoid and Recover Preferential Transfers and Object to Claims* (the "Complaint") of the Official Committee of Unsecured Creditors of Hooper Holmes, Inc. d/b/a Provant Health *et al*. ("Plaintiff" or the "Committee"). To the extent not expressly admitted herein, the allegations of the Complaint are denied by Defendants.

## **NATURE OF THE ACTION**[1]

1.  Paragraph 1 of the Complaint, including the footnote thereto, alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief described.

2.  Defendants admit that Century and its affiliates were shareholders of Hooper Holmes, Inc. d/b/a Provant Health (the "Debtors")[2], and that Century designated the Director Defendants as members of the Board of Directors of the Debtors. Defendants further admit that, on or about November 30, 2017, the Debtors repaid a $2 million revolving loan (the "Revolver") that it obtained from SWK Funding LLC ("SWK"). Defendants further admit that the Debtors paid certain board fees and expenses to the Director Defendants. Paragraph 2 of the Complaint

---

[1] Defendants incorporate certain headings from Plaintiff's Complaint into this Answer. Defendants understand that the headings are to indicate sections of the Complaint and therefore are not allegations, thus no response is required. To the extent a response is deemed required, Defendants deny all allegations contained in Plaintiff's headings, whether or not they are reproduced herein.

[2] Defendants include within the definition of "Debtors" all Debtor affiliates in the jointly administered Chapter 11 proceedings.

- 2 -

18-08292-rdd    Doc 4    Filed 01/22/19    Entered 01/22/19 14:32:00    Main Document
Pg 3 of 14


also alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations. Defendants deny the remaining allegations of paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.  Paragraph 3 of the Complaint alleges a legal conclusion to which no response is required. To the extent a response is required, Defendants do not contest jurisdiction.

4.  Paragraph 4 of the Complaint alleges a legal conclusion to which no response is required. To the extent a response is required, Defendants do not contest jurisdiction.

5.  Paragraph 5 of the Complaint alleges a legal conclusion to which no response is required. To the extent a response is required, Defendants do not contest jurisdiction.

6.  Paragraph 6 of the Complaint alleges a legal conclusion to which no response is required. To the extent a response is required, Defendants do not contest venue.

## GENERAL BACKGROUND

7.  Paragraph 7 of the Complaint purports to describe proceedings in a publicly-filed legal action. Those proceedings speak for themselves and, therefore, no further response is required.

8.  Defendants admit that CEP is a corporation or other legal entity. The remaining allegations of paragraph 8 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of paragraph 8.

9.  Admitted.

10. Defendants admit that WH-HH Holdings, LLC became the owner of 46.77% of undiluted Hooper shares.

11.     Admitted.

12.     Admitted

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Defendants admit that Mr. Bazos was employed by Century and was a director of one or more of the Debtors. Defendants further admit that Messrs. Foreman and Daoust were directors of one or more of the Debtors. Defendants deny the allegation that Messrs. Foreman and Daoust were "employed or otherwise affiliated with Century."

## THE GUARANTY AND GUARANTY TRANSFER

18.     Defendants admit that Hooper Holmes, Inc. ("Hooper") and Provant Health Solutions, LLC entered into a merger transaction in 2017. The remaining allegations of paragraph 18 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of paragraph 18.

19.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and, therefore, deny such allegations.

20.     Defendants admit that Hooper and SWK entered into an Amended and Restated Credit Agreement ("SWK Credit Agreement") dated May 11, 2017. Paragraph 20 of the Complaint purports to describe the content of that publicly-available document. The document speaks for itself and, therefore, no further response is required.

21. Paragraph 21 of the Complaint purports to describe the content of the SWK Credit Agreement. The document speaks for itself and, therefore, no further response is required.

22. Paragraph 22 of the Complaint purports to describe the content of the SWK Credit Agreement. The document speaks for itself and, therefore, no further response is required.

23. Paragraph 23 of the Complaint purports to describe the content of the SWK Credit Agreement. The document speaks for itself and, therefore, no further response is required

24. Defendants admit that Century issued a Limited Guaranty to SWK, dated May 11, 2017 (the "Guaranty"). Paragraph 24 of the Complaint purports to describe the content of that publicly-available document. The document speaks for itself and, therefore, no further response is required.

25. Defendants admit that the Debtors, SWK, and Century entered into a Subordination Agreement dated May 11, 2017. Paragraph 25 of the Complaint purports to describe the content of that publicly-available document. The document speaks for itself and, therefore, no further response is required.

26. Defendants admit that the Debtors and Century entered into a Credit Agreement Side Letter ("Side Letter") dated May 11, 2017. Paragraph 26 of the Complaint purports to describe the content of that publicly-available document. The document speaks for itself and, therefore, no further response is required.

27. Admitted.

28. Defendants admit that the Debtors repaid the principal and interest due under the Revolver by a wire transfer to SWK in the amount of $2,011,600.00 (the "Revolver Repayment"). Paragraph 28 of the Complaint purports to describe the content and legal effect of

Exhibit A and the Guaranty. Those documents speak for themselves and, therefore, no further response is required.

29. Paragraph 29 of the Complaint alleges a legal conclusion regarding the effect of the Revolver Repayment under the Guaranty, which is a document that speaks for itself. No further response is required.

30. Admitted.

31. Paragraph 31 of the Complaint alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 31.

32. Paragraph 32 of the Complaint alleges legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 32.

33. Admitted.

34. Defendants admit that Century designated the Director Defendants as members of the Board of Directors of the Debtors.

35. Paragraph 35 of the Complaint alleges legal conclusions regarding a hypothetical situation, to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 35.

## DEBTORS' INSOLVENCY

36. Paragraph 36 of the Complaint alleges a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 36.

37. Paragraph 37 of the Complaint purports to describe the content of a publicly-available document. The document speaks for itself and, therefore, no further response is required.

38. Paragraph 38 of the Complaint purports to describe the content of a publicly-available document. The document speaks for itself and, therefore, no further response is required.

39. Paragraph 39 of the Complaint purports to describe the content of a publicly-available document. The document speaks for itself and, therefore, no further response is required. Paragraph 39 also alleges a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny that the Debtors were insolvent at the time of the Revolver Repayment.

40. Paragraph 40 alleges only a vague conclusion regarding the Debtors' financial condition; Defendants, therefore, deny the allegation.

41. Paragraph 41 of the Complaint purports to describe the content of a publicly-available document. The document speaks for itself and, therefore, no further response is required. Paragraph 41 also alleges a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny that the Debtors were insolvent at the time of the Revolver Repayment.

42. Paragraph 42 of the Complaint alleges a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 42.

**THE DIRECTOR TRANSFERS**

43. Defendants admit that the Debtors paid certain board fees and expenses to the Director Defendants during the one year period prior to the Petition Date. Paragraph 43 of the Complaint alleges legal conclusions and purports to describe the content of Exhibit B to the Complaint, which is a document that speaks for itself. Therefore, no further response is required.

- 7 -

44. Paragraph 44 of the Complaint purports to describe the content of Exhibit B. The document speaks for itself and, therefore, no further response is required. Paragraph 44 also alleges legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 44 of the Complaint. Defendants specifically deny that Exhibit B accurately reflects payments made to the Director Defendants. Numerous alleged payments listed on Exhibit B did not occur.

45. Paragraph 45 of the Complaint purports to describe the content of Exhibit B. The document speaks for itself and, therefore, no further response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 45 of the Complaint. Defendants specifically deny that Exhibit B accurately reflects payments made to the Director Defendants. Numerous alleged payments listed on Exhibit B did not occur.

46. Paragraph 46 of the Complaint alleges legal conclusions to which no response is required.

47. Paragraph 47 of the Complaint alleges legal conclusions to which no response is required.

## **THE CLAIMS**

48. Paragraph 48 of the Complaint purports to describe the content of a publicly-available document. The document speaks for itself and, therefore, no further response is required.

49. Paragraph 49 of the Complaint purports to describe the content of a publicly-available document. The document speaks for itself and, therefore, no further response is required.

## FIRST CAUSE OF ACTION
### (Bankruptcy Code Section 547 Claim Against Defendant Century)

50. Defendants incorporate by reference their responses to the allegations of paragraphs 1 through 49 of the Complaint set forth above as if fully set forth herein.

51. Paragraph 51 of the Complaint alleges a legal conclusion to which no response is required.

52. Admitted.

53. Paragraph 53 of the Complaint alleges a legal conclusion to which no response is required.

54. Paragraph 54 of the Complaint alleges a legal conclusion to which no response is required.

55. Paragraph 55 of the Complaint alleges a legal conclusion to which no response is required.

56. Paragraph 56 of the Complaint alleges a legal conclusion to which no response is required.

57. Paragraph 57 of the Complaint alleges legal conclusions to which no response is required.

58. Paragraph 58 of the Complaint alleges legal conclusions to which no response is required.

## SECOND CAUSE OF ACTION
### (Bankruptcy Code Section 550 Claim Against Defendants CEP, Century, CCPFLP, and CCPFLLC)

59. Defendants incorporate by reference their responses to the allegations of paragraphs 1 through 58 of the Complaint set forth above as if fully set forth herein.

60. Paragraph 60 of the Complaint alleges legal conclusions to which no response is required.

### THIRD CAUSE OF ACTION
### Bankruptcy Code Section 547 Claims Against Director Defendants

61. Defendants incorporate by reference their responses to the allegations of paragraphs 1 through 60 of the Complaint set forth above as if fully set forth herein.

62. Paragraph 62 of the Complaint alleges legal conclusions to which no response is required.

63. Admitted.

64. Paragraph 64 of the Complaint alleges legal conclusions to which no response is required.

65. Paragraph 65 of the Complaint alleges legal conclusions to which no response is required.

66. Paragraph 66 of the Complaint alleges legal conclusions to which no response is required.

67. Paragraph 67 of the Complaint alleges legal conclusions to which no response is required.

68. Paragraph 68 of the Complaint alleges legal conclusions to which no response is required.

### FOURTH CAUSE OF ACTION
### (Bankruptcy Code Section 550 Claim Against Director Defendants)

69. Defendants incorporate by reference their responses to the allegations of paragraphs 1 through 68 of the Complaint set forth above as if fully set forth herein.

70. Paragraph 70 of the Complaint alleges legal conclusions to which no response is required.

## FIFTH CAUSE OF ACTION
### Disallowance of the Claims Pursuant to Bankruptcy Code § 502(d))

71. Defendants incorporate by reference their responses to the allegations of paragraphs 1 through 70 of the Complaint set forth above as if fully set forth herein.

72. Paragraph 72 of the Complaint alleges legal conclusions to which no response is required.

73. Paragraph 73 of the Complaint alleges legal conclusions to which no response is required.

74. Paragraph 74 of the Complaint alleges legal conclusions to which no response is required.

75. Paragraph 75 of the Complaint alleges legal conclusions to which no response is required.

Paragraphs A-H of the prayer for relief section on pages 14-15 of the Complaint state the relief requested by Plaintiff, to which no further response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden that they would not otherwise have under applicable law, Defendants assert the following affirmative/additional defenses:

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff cannot satisfy the elements of Section 547(b) of Title 11 of the United States Code (the "Bankruptcy Code") because the transfers at issue in the Complaint were not made while the Debtors were insolvent.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff cannot satisfy the elements of Section 547(b) of the Bankruptcy Code because the transfers at issue in the Complaint were not to or for the benefit of a creditor.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff cannot satisfy the elements of Section 547(b) of the Bankruptcy Code because, to the extent any transfers were made to Defendants by or for the benefit of any Debtors, Defendants did not receive more than they would have received if: (a) the Debtors had filed their bankruptcy petition under Chapter 7 of the Bankruptcy Code; (b) the transfers had never been made; and (c) Defendants received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

**FIFTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred under 11 U.S.C. §547(c)(1) because the alleged payments to Defendants that the Plaintiff seeks to avoid in this action were a part of contemporaneous exchanges for new value given to the Debtors.

**SIXTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred under 11 U.S.C. § 547(c)(2) because, to the extent any Debtors transferred any interest in property to or for the benefit of any Defendant during the preference period, such transfers were in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and such Defendant and either

(i) made in the ordinary course of business of business or financial affairs of the Debtors and such Defendant or (ii) made according to ordinary business terms.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under 11 U.S.C. § 547(c)(4) because subsequent to the transfers that the Plaintiff seeks to avoid, Defendants gave new value to or for the benefit of the Debtors that was not secured by an otherwise unavoidable security interest, and on account of such new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of the Defendants.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend the Answer to the Complaint and assert additional Affirmative Defenses based on information and documents received during discovery.

**WHEREFORE**, Defendants Century Equity Partners, Century Focused Fund III L.P., CCP Focused III, LP, CCP Focused III, LLC, Frank Bazos, Jim Foreman, and Paul Daoust respectfully request judgment in their favor, dismissing the Complaint with prejudice and granting such other and further relief deemed appropriate, including without limitation the aware of attorneys' fees and costs associated with the defense against the Complaint.

Dated: January 22, 2019

Respectfully submitted,

MCGRAIL & BENSINGER LLP

/s/ *David C. McGrail*

David C. McGrail
Pearl Shah
888-C 8th Avenue #107
New York, NY 10019
Telephone: (646) 285-8476
dmcgrail@mcgrailbensinger.com
pshah@mcgrailbensinger.com

-and-

Douglas R. Gooding
Kevin C. Quigley
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
dgooding@choate.com
kquigley@choate.com

*Counsel for Defendants, Century Equity Partners, Century Focused Fund III L.P., CCP Focused III, LP, CCP Focused III, LLC, Frank Bazos, Jim Foreman, and Paul Daoust*